

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. Bayne Satterfield
Firemen's Pension Commissioner
Austin, Texas

Dear Sir:

Opinion No. 0-4625
Re: Related questions pertaining
to status of firemen who resign
from fire department and enter
Army service (H. B. No. 258,
Acts of the 45th Legislature;
Article 6243e, V. A. C. S.).

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"1. What is the status of a fireman who resigns from a regularly organized fire department and enters the service of an army camp or defense plant fire department,
"a. as an enlisted men detailed to the fire department.
"b. as a civilian fireman.

"2. What is the status of a fireman who secures a leave of absence from a regularly organized fire department and enters the service of an army camp or defense plant fire department,
"a. As an enlisted man detailed to the fire department.
"b. As a civilian fireman.

"3. What is the status of a fireman who has been discharged from a regularly organized active fire department and enters the service of an army camp or defense plant fire department?

"4. What is the status of a fireman who left the service of a regularly organized fire department through no fault of his own and enters the service of an army camp or defense fire department?"

Sections 6, 7, 8, 21 and 26 of House Bill No. 256, Acts of the 45th Legislature (Article 6243e, V. A. C. S.), read as follows:

"Sec. 6. On and after the 1st day of April, A. D. 1939, any person who has been duly appointed and enrolled, and who has attained the age of fifty-five (55) years and who has served actively for a period of twenty (20) years in some regularly organized fire department in any city or town in this State now within or that may come within the provisions of this Act, in any rank, whether as wholly paid, part paid or volunteer firemen shall be entitled to be retired from such service or department and shall be entitled to be paid from the Firemen's Relief and Retirement Fund of that city or town, a monthly pension equal to one-half of his average monthly salary not to exceed a maximum of One Hundred Dollars ($100) per month. Such average monthly salary to be based on the monthly average of his salary for the five (5) year period preceding the date of such retirement; provided further, that if his average monthly salary is Fifty Dollars ($50) or less per month or if a volunteer fireman with no salary, he shall be entitled to a monthly pension or retirement allowance of Twenty-five Dollars ($25).

"Sec. 7. Whenever a person serving as an active fireman duly enrolled in any regularly active fire department in any city or town in the State, not within, or that may hereafter come within the provisions of this Act, shall become physically or mentally disabled while in and/or in consequence of, the performance of his duty, said Board of Trustees may, upon his request, or without such request if it shall deem proper and for the good of the department, retire such person from active service either upon total or partial disability as the case may warrant and shall order that he be paid from such Fund, (a) if for total disability, an amount equal to one-half the average monthly salary of such fireman, not to exceed the sum of One Hundred Dollars ($100) per month; provided that if such average monthly salary be Fifty Dollars ($50) or less per month, or if he

be a volunteer fireman with no salary, the amount so ordered paid shall not be less than Twenty-five Dollars ($25) per month; such average monthly salary to be based on the monthly average of his salary for the five (5) year period, or so much thereof as he may have served, preceding the date of such retirement; or, (b) if the disability be less than total, then such sum as in the judgment of the Board of Trustees may be proper and commensurate with the degree of disability; provided further, that if and when such disability shall cease, such retirement or disability allowance shall be discontinued and such person shall be restored to active service at not less than the same salary he received at the time of his retirement for disability.

"Sec. 8. Whenever any duly enrolled member of any regularly organized active fire department of any city or town now coming within or that may hereafter come within the provisions of this Act as herein limited, on account of accident or other temporary disability caused or sustained while in, and/or in consequence of the performance of his duties, be confined to any hospital or to his bed and/or shall require the professional services of a physician, surgeon or nurse, said Board of Trustees shall upon presentation of properly itemized and verified bills therefor, order paid from the Firemen's Relief and Retirement Fund of that city or town, all necessary hospital, physician's, surgeon's, nurse's and/or medicine bills or expenses and not less than Five Dollars ($5) nor more than Fifteen Dollars ($15) per week to such firemen during such temporary disability; provided however, that in no case shall the amount or amounts so paid for such bills and expenses exceed the aggregate sum of One Hundred Dollars ($100) in any one month; and provided further, that the benefits provided by this Section shall not apply to any city or town having a fully paid fire department.

"Sec. 21. In computing the time or period for retirement for length of service as herein provided, less than one year out of service or any time served in the armed forces of the Nation during war or National emergency shall be construed as continuous service, but if out more than one

year and less than five (5) years, credit shall
be given for prior service, but deduction made
for the length of time out of service. If out
of service more than five (5) years no previous
service shall be counted, provided however, that
if a fireman be out of service over five (5)
years through no fault of his own and subsequent
returns to the department, this period of time
shall not be counted against him in so far as
his retirement time is concerned. Any fireman
joining any regularly organized fire department
coming within the provisions of this Act after
the effective date hereof shall not be entitled
to benefits hereunder until he shall have served
one year continuously.

"Sec. 26. Whenever used herein, the term
'Board' or 'Board of Trustees' shall be deemed
to mean and refer to the Board of Firemen's Re-
lief and Retirement Fund Trustees.

"Whenever used herein, the term 'firemen'
or 'fireman' shall be deemed to mean and include
all active members of any regularly organized
fire department of any incorporated city or town
of this State, having fire fighting equipment
or apparatus of the minimum value of One Thou-
sand Dollars ($1,000) or more whether wholly
paid, partly paid and partly volunteer, or
wholly volunteer. All other members shall be
deemed honorary or inactive members and as such
shall not be entitled to any of the benefits pro-
vided by this Act.

"Whenever used herein, the term 'active fire-
men,' 'active fireman', or 'active members' shall
be deemed to mean and include all paid firemen
who receive regular salaries as firemen and such
partly paid or volunteer firemen as in each calen-
dar year answer at least twenty-five (25) per cent
of all fire alarms and at least forty (40) per cent
of all drill or practice calls."

In each of the four questions submitted in your let-
ter, you inquire as to a fireman's status under a particular
set of facts.

The right of a fireman to receive disability benefits after having left the service of a regularly organized fire department coming within the provisions of the Act is determined by Sections 7 and 8 of the Act. Both sections clearly indicate that a person is not entitled to receive disability benefits under the Act unless he becomes disabled while in and/or in consequence of the performance of his duties while serving as an active fireman in a regularly active fire department in a city or town coming within the provisions of the Act. When a person becomes disabled outside the services of such department, clearly he will not be entitled to receive benefits under the Act. A person who has qualified under the Act in a department coming within the provisions of the Act, and who has made contributions to the fund of a particular department, will not be entitled to receive disability benefits from the fund after having left said department, unless he shall have become disabled "while in and/or in consequence of the performance of his duty" as a member of the department in which he was qualified.

What are the rights of a fireman after having left the service of a regularly organized fire department to participate in retirement benefits?

It is our opinion that Section 21 of the Act under consideration does not distinguish the status of a fireman who resigned from one who takes a leave of absence. Therefore, where a fireman resigned, or secures a leave of absence for the purpose of entering the armed forces of the Nation during war or National emergency and does so enter the armed forces, the time he serves in the army during such period of war or National emergency is considered continuous service for retirement purposes. The fact that he has been detailed to the fire department is immaterial. His service in any other capacity in the army would be considered as continuous service for retirement purposes.

The status of a fireman who resigned and one who takes a leave of absence and enters the service of any army camp as a civilian fireman are the same. In so far as length of service for retirement purposes is concerned, they will be governed by the length of time they are out of the service of the department they left, and, of course, dependent upon their return to said department. The fact that they served as civilian firemen in any army camp or defense fire department does not make them "firemen", as that term is defined in

Section 26 of the Act.

The status of a fireman who has been discharged and enters the services of an army camp or defense plant fire department is the same as that of a fireman who has resigned or taken a leave of absence. His claim for retirement benefits will depend upon his reinstatement in the department from which he was discharged and the length of time he was out of service.

The status of a fireman who left the service of a regularly organized fire department through no fault of his own and enters the services of an army camp or defense fire department depends upon his reinstatement in the department from which he was discharged and his status for retirement purposes will be governed by the provisions of Section 21.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By E. B. Pharr

E. O. Pharr
Assistant

EOP:OO

APPROVED Jun 5, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY Earl
CHAIRMAN